IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WITCHITA FALLS DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: 7:17-cv-156 |
| v. | ) ) | |
| PEBA OIL AND GAS, INC, and ELLIS "PETE" HORTON, individually, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants Peba Oil and Gas, Inc. and Ellis "Pete" Horton from violating the provisions of Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., (the Act or FLSA) and to restrain defendants from retaliating against employees and from withholding payment of lost wages found by the Court to be due employees under the Act and an equal amount as liquidated damages, pursuant to Section 16(b)(2) of the FLSA.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217 and by 28 U.S.C. §§ 1331 and1345.

II.

1.      Defendant Peba Oil and Gas, Inc. (Peba) is and at all times hereinafter mentioned was a Texas corporation with a principal place of business at 313 Clay Street, Nacona, Texas 76255, within the jurisdiction of this Court.  Defendant Peba engages in the recovery of oil from

1

wells that is pumped into tanks and then loaded onto trucks for transportation to refineries. Defendant Peba is a person as defined by Section 3(a) of the Act, 29 U.S.C. § 203(a), and an employer as defined by Section 3(d) of the Act, 29 U.S.C. § 203(d).

2. Defendant Ellis "Pete" Horton (Pete Horton) is an individual who resides in Texas and is the owner of Peba. At all times hereinafter mentioned, Defendant Pete Horton acts and has acted directly or indirectly in the interest of the corporate Defendant Peba in relation to its employees by making management and personnel decisions; interviewing, hiring, disciplining, and firing employees; and by controlling the day-to-day management of the company. Defendant Pete Horton is a person as defined by Section 3(a) of the Act, 29 U.S.C. § 203(a), and an employer as defined by Section 3(d) of the Act, 29 U.S.C. § 203(d).

### III.

At all relevant times mentioned hereinafter, Complainant Joe Horton, Sr. was employed by Defendants and was an employee employed by an employer as defined by Section 3(e) of the Act, 29 U.S.C. § 203(e).

### IV.

1. During the period from August 1, 2016, to the present, Defendants have violated and are violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by retaliating against their employee Joe Horton, Sr. (Complainant) because he engaged in protected activity. Specifically, on or about July 13 and 14, 2016, and at times prior to that date, Complainant complained to his supervisor and the office manager of Peba that his overtime pay was not being properly calculated and paid to him. In addition, after his complaints went unresolved, Complainant filed a formal complaint with the Wage and Hour Division, U.S. Department of Labor (Wage Hour). The Complainant's actions of complaining internally to his

employer and of filing a formal complaint with Wage Hour both constitute protected activity and an assertion of his rights under the FLSA.

2. Defendants had knowledge that Complainant engaged in protected activity because Complainant specifically complained to his supervisor and Peba's office manager about not being paid proper overtime. Also, after Complainant filed a formal complaint with Wage Hour and before Defendants discharged Complainant on August 1, 2016, Wage Hour mailed a letter to Defendants scheduling an investigation into Complainant's complaint.

3. Complainant suffered an adverse action when Defendants terminated him on August 1, 2017, the week after Wage Hour mailed a letter to Defendants scheduling an investigation into Complainant's complaint.

V.

As a result of the violations alleged in paragraph IV above, Defendants owe Complainant Joe Horton, Sr. reinstatement, lost wages and other relief as may be appropriate resulting from the termination of his employment in retaliation for engaging in protected activity and asserting his rights under the FLSA.

VI.

A judgment enjoining the alleged violations is specifically authorized by Section 17 of the Act, 29 U.S.C. §217.

VII.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from prospectively violating the provisions of Section 15(a)(3);

2. For an Order pursuant to Section 16(b)(2) of the Act finding Defendants jointly and severally liable and ordering Defendants to offer reinstatement to Joe Horton, Sr.; reimburse him for lost wages and other lost benefits that resulted from his termination, with interest from the date due until paid; pay him liquidated damages equal to the amount of lost wages; and expunge from all personnel and company records references to the circumstances giving rise to Complainant's unlawful termination;

3. For an Order requiring Defendants to pay additional compensation to reimburse Complainant for any costs and expenses he incurred as a result of Defendants' discriminatory actions;

4. For an Order for all further legal or equitable relief as may be necessary or appropriate to effectuate the purposes of Section 15(a)(3) of the Act and for the costs of this action;

                Respectfully Submitted,

                NICHOLAS C. GEALE
                Acting Solicitor of Labor

                JAMES E. CULP
                Regional Solicitor

U. S. Department of Labor        CONNIE M. ACKERMANN
Office of the Solicitor            Deputy Regional Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202             By:
Telephone (972) 850-3100
Facsimile (972) 850-3101
moyed.richard@dol.gov

                /s/ Richard M. Moyed
                RICHARD M. MOYED
                Texas Bar No. 14612550
                Attorney

RSOL Case No. 0610-17-01003      ATTORNEYS FOR PLAINTIFF